Green, J.,
delivered the opinion of the court.
In this case the plaintiff in error sued the defendant before a Justice of the Peace and obtained a judgment, and issued an execution. The defendant filed his petition for certiorari and supersedeas, alleging that he had been sued by the plaintiff as agent of W. B. Johnson, for the rent of land; that on the day appointed, he went to the justice’s house, and on enquiry learned that he had gone south. Sometime afterwards, the justice returning, gave judgment against him for $42 and all the costs. Not having notice of the day the judgment was rendered, petitioner could not put in any defence.
Petitioner is willing to pay rent for the land, but he states the heirs of Moses Estes have recovered the land from Johnson, and claim the rent, and have brought suit against petitioner.
The certiorari and supersedeas were awarded, and the cause was brought into the circuit court, when the defendant moved *278 that the execution be quashed; which motion was sustained by the court, and the execution was quashed.
From this judgment the plaintiff appeals to this court.
There are, certainly, sufficient grounds stated in the petition to authorize the granting the certiorari; but we do not perceive any reason for quashing the execution. The warrant was regularly served and returned before the justice, and his jurisdiction of the case was complete. He did not try the cause the day appointed, it is true, but continued it until another day. This he had the power to do. He should have notified the defendant of the continuance, certainly, but his failure to do so does not make his proceeding void. It is a good reason for the certiorari, that the defendant might have another trial, so as to make his defence, but no reason for holding the judgment void and quashing the execution.
We are, therefore, of opinion, the circuit court erred in quashing the execution. The case should have been set down for trial in the circuit court upon its merits, as though it had gone there by appeal.
Reverse the judgment and remand the cause.